# CRIMINAL CASES.

## COMMONWEALTH *vs.* ANNA A. DOWER.

No exception lies to a decision of this court, in a capital trial, excluding additional evidence offered in defence after the closing argument for the prisoner has been finished, and that for the commonwealth has been begun.

Although the testimony of a prisoner charged with murder was taken in writing before the coroner's jury, her oral confessions at other times are competent evidence.

No exception lies to the refusal of the court, in a trial for murder, to instruct the jury that, on the evidence, another person had an equally strong motive with the prisoner to commit the alleged crime. This is a matter for them to determine.

INDICTMENT for the murder of Rhoda M. Wilkins, by administering arsenic to her at Lowell, in February and March 1861.

At the trial in this court, before *Bigelow*, C. J., and *Metcalf*, *Merrick* and *Chapman*, JJ., several witnesses, called on the part of the Commonwealth, were allowed to testify to certain statements made to them by the prisoner in April 1861, in relation to the cause of the death of Mrs. Wilkins, and also to her admissions that arsenic might be found in Mrs. Wilkins's stomach, and that the husband of the deceased might have got the arsenic at Lawrence and given it to her, and that she might have administered it in a trance state, although she was unconscious of so doing. The prisoner's counsel objected to this evidence, because, at a different time from those testified of, she had been interrogated under oath before the coroner's jury concerning the same matters, and her answers had been taken down and subscribed by her, and were in the possession of the officers of the government.

Evidence was introduced of certain acts of intimacy between the prisoner and the husband of Mrs. Wilkins, tending to show, as contended by the government, a sufficient motive and inducement for her to commit the crime. The prisoner's counsel contended that the same evidence tended to show that the husband had an equally strong motive to commit the same offence, and that the poison might have been administered by

him. The chief justice, in charging the jury, submitted it to them to determine whether, on all the evidence, the prisoner or the husband of the deceased committed the offence charged in the indictment, having regard to the alleged motive and all the other facts in proof. After the charge was concluded, the pris · oner's counsel requested the court to instruct the jury that, on the evidence in the case, the husband had an equally strong motive with the prisoner to commit the alleged crime ; but the court declined to add anything to the instructions which had already been given.

. When the attorney general had nearly finished his closing ai gument, the prisoner's counsel gave notice to the court of certain evidence which had then for the first time come to their or hei knowledge, and requested leave to introduce it, on the ground that it was new and material ; but, after hearing the evidence thus offered, and after consideration, the court refused to permit it to go to the jury.

The jury returned a verdict of guilty of murder in the first degree ; and the prisoner alleged exceptions.

*A. R. Brown,* (*E. A. Alger* with him,) for the prisoner.

*Foster,* A. G., for the Commonwealth.

DEWEY, J. The trial of capital cases, under our system of criminal jurisprudence, having always been held before a quorum of the justices of the supreme judicial court, and therefore before the highest court known by our laws, it has heretofore been the practice of this court to consider all questions of law arising in the course of the trial to be definitively settled, and not open as a matter of right to a hearing on a bill of exceptions. *Commonwealth* v. *Buzzell,* 16 Pick. 153. *Commonwealth* v. *Knapp,* 10 Pick. 477. But the *St.* of 1859, *c.* 282, the provisions of which are also now incorporated in Gen. Sts. *c.* 112, has provided that exceptions may be taken by the defendant in capital cases, to be heard by the full court, as other exceptions to the ruling of the court in matters of law.

This case comes before us on such a bill of exceptions. But it is as a bill of exceptions only that we can consider the questions presented, and the exceptions are only to be sustained upon

the ground that the rulings excepted to are in law erroneous. As to all matters resting merely in the discretion of the court, whether with reference to the course of proceeding at the trial, or as to granting a new trial, nothing is open upon the bill of exceptions.

The principal question raised here is as to the exclusion of a witness offered to be produced by the defendant, after the evidence had been formally closed on the part of the defence as well as of the government, and the counsel for the prisoner had made his closing argument to the jury, and the attorney general had nearly closed his reply thereto. The reason assigned for offering the evidence at that late stage of the case was, that it was new and material to the defence, and then first came to the knowledge of the prisoner or her counsel.

We suppose that it will be readily conceded that it is the duty of the court to superintend the course of a criminal trial before a jury, to direct the order of proceedings, the period at which testimony shall be introduced, and the evidence shall be closed for the trial, and the case pass to another stage — that of hearing the closing arguments of the counsel and the charge of the judge. That the ordinary mode of conducting trials, by requiring that the evidence for the defence shall be put into the case before the commencement of the closing arguments, is a proper one, may also be assumed. After the counsel for the prisoner have had the fullest opportunity allowed them to introduce their evidence in chief and also in reply, and the court are informed by the counsel for the prisoner that the evidence on the part of the defence is closed, and his closing argument has been made to the jury, and that of the attorney general has proceeded to near its close, the legal right of the prisoner to introduce further evidence to the jury on that trial no longer exists.

That the court may, in the exercise of its discretionary powers, yield to such a motion, we have no doubt. But it is a matter of judicial discretion, to be exercised in view of all the circumstances of the case bearing upon the fact of its being newly discovered evidence, of there being no laches in reference

to the same, and particularly whether the evidence be of a character so material in its bearing upon the case as to require the court to depart from the ordinary course of proceeding in trials by jury, at the hazard of calling the attention of the jury from the evidence properly introduced, and upon which the argument has been addressed to them. A motion of this character is wholly addressed to the discretion of the court; and their decision thereon is final, and not a matter for exceptions to the ruling as error in matter of law.

If such evidence is excluded for the reason that it was offered at too late a stage of the trial, the prisoner has in such case, as he would have if similar evidence had been discovered after the verdict was returned, the right to petition the court for a new trial upon the ground of newly discovered evidence; and upon such petition opportunity will be granted to show any sufficient grounds for granting the motion. It will be still a matter of discretion, and to be granted or denied as under all the circumstances may be deemed proper.

2. The objections taken to the admission of the statements made by the prisoner to various persons in relation to the cause of the death of Mrs. Wilkins, and the means through which it might have occurred, cannot be sustained. The fact that the prisoner had been interrogated concerning the same matter at a different time before a coroner's jury, and her answers under oath taken in writing, affords no sufficient reason for excluding, as incompetent evidence, other statements made by her at other times.

3. The court properly declined giving the instructions asked by the counsel for the prisoner, " that, on the evidence in the case, the husband of the deceased had an equally strong motive with the prisoner to commit the alleged crime."

*Exceptions overruled.*